UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM SPICER,

    *Petitioner*,

CRIMINAL CASE NO. 15-CR-20162
CIVIL CASE NO. 17-CV-10042

*v.*

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Respondent*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**
(Doc. 60)

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion Vacate Sentence (Doc. 60) be **DENIED** and that the civil case be **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

On November 24, 2015, Petitioner pleaded guilty to Count 1 of the Superseding Indictment charging felon in possession of a firearm in violation of 18 U.S.C. §922(g) and 924(e) pursuant to a plea agreement. (Doc. 49.) On March 14, 2016, judgment was entered and Petitioner was sentenced to 210 months imprisonment. (Doc. 56.) Petitioner did not file an appeal. On January 3, 2017, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 60.) Petitioner argues that he was erroneously sentenced under the ACCA because his State of Michigan conviction for breaking and entering an occupied dwelling is not an enumerated crime of violence. (Doc. 60.) February 10, 2017, Respondent filed a response to the

motion. (Doc. 65.) Respondent contends that breaking and entering an occupied dwelling does qualify as an enumerated offense. (Doc. 65.) Petitioner replied, noting his disagreement with the analysis in the response. (Doc. 68.) This motion is ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

**B.     Analysis and Conclusion**

Petitioner was sentenced under the ACCA based on three convictions for enumerated offenses: (1) breaking and entering an occupied dwelling, (2) armed robbery, and (3) delivery of a controlled substance. (Doc. 49 at ID 212.) It is the conviction for breaking and entering an occupied dwelling that Petitioner challenges.[1]

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

The Sixth Circuit has held that since the United States Sentencing Guidelines ("USSG") § 4B1.1 (commonly known as the "career offender enhancement") also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. *See* USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016).

---

[1] In his reply, Petitioner appears to challenge the armed robbery conviction also. However, Michigan convictions for armed and unarmed robbery are both considered violent crimes and may be used to enhance a sentence under the ACCA. *United States v. Matthews*, No. 15-2298, 2017 WL 1857265 (6th Cir. May 8, 2017).

2

However, the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017), abrogated *Pawlak* and held that the sentencing guidelines are not subject to a void-for-vagueness challenge. Therefore, the residual clause of the career offender sentencing guidelines remains viable and any claims challenging the guideline must fail.

*Johnson* concerned the second half of the phrase under the ACCA §924(e)(2)(B)(ii), i.e., the residual clause. The residual clause follows a list of enumerated violent felonies under §924(e)(2)(B)(ii), i.e., "burglary, arson, or extortion, involves the use of explosives." *Mathis v. United States*, 136 S. Ct. 2243 (2016) governs how to interpret whether a state conviction qualifies under this list of generic offenses.

*Mathis* held that, in determining whether a prior state violent felony conviction counts toward a federal sentence enhancement under the ACCA, courts must apply the categorical approach - not the modified categorical approach - where a criminal statute establishes various means for satisfying a single element. *Mathis* focuses on the portion of the same subsection of the ACCA that was not addressed by the Court in *Johnson*.

The Court in *Mathis* found that Iowa's burglary statute had a broader locational element than generic burglary and thus, the Iowa conviction could not qualify as a prior violent felony conviction under the ACCA's enumerated offenses of "burglary, arson, or extortion, involves the use of explosives." §924(e)(2)(B)(ii).

On October 26, 2016, the Sixth Circuit decided *United States v. Ritchey,* 840 F.3d 310 (6th Cir. 2016). The Sixth Circuit provided a method for analyzing potential predicate violent crime convictions used under the ACCA under *Mathis* and held that a conviction under Mich. Comp. Laws §750.110, for breaking and entering a building with intent to commit a felony or larceny

3

therein, could not qualify as a violent felony under the ACCA since its elements were broader than those of the generic enumerated offense of burglary. The version of the statute analyzed in *Ritchey* states that "[a] person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, shipping container, or railroad car is guilty of a felony punishable by imprisonment for not more than 10 years." Mich. Comp. Laws §750.110.

The Court explained that "when a statute encompasses circumstances broader than generic burglary, the district court may look to 'the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable record of this information' - commonly referred to as *Shepard* documents - to determine whether the defendant 'necessarily admitted elements of the generic offense.' *Shepard v. United States*, 544 U.S. 13, 26 (2005)." *Ritchey*, 840 F.3d at 315. This approach only applies where the statute is truly divisible, i.e., where the statute "'lists multiple, alternative elements, and so effectively creates "several different . . . crimes,"' at least one of which is a generic burglary." *Ritchey*, 840 F.3d at 315, *citing Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). If a statutory list is "'drafted to offer' illustrative examples, then it includes only a crime's means of commission.'" *Id*. "Only if the record indicates that the listed items are elements, not alternative means, may the sentencing courts examine the *Shepard* documents to determine whether the crime the defendant was convicted of constituted a generic burglary." *Ritchey*, 840 F.3d at 315.

The Court in *Ritchey* determined that Michigan's list of locations is a list of means, not elements. *Id*. at 320. Therefore, the Court did not consider the charging documents or any other

4

*Shepard* documents, because the Court found the statute was not divisible, i.e., it did not set forth elements of separate crimes. Thus, the Court held that Ritchey's conviction for breaking and entering could not be used as predicate offenses to sentence him under the ACCA. Therefore, the Sixth Circuit vacated Ritchey's sentence and remanded for resentencing consistent with its decision and the United States Supreme Court's decision in *Mathis*.

Petitioner relies on *Ritchey* and argues that his conviction for breaking and entering an occupied dwelling occurred under a Michigan statute that captures more than just generic burglary, e.g., breaking and entering a boat. (Doc. 60 at ID 279.) Thus, he argues, the Michigan statute is broader than the generic version of burglary and cannot qualify as an enumerated crime of violence, i.e. burglary. Respondent notes that the Court in *Ritchey* was analyzing a different version of the Michigan statute, which was amended in 1994. Petitioner was charged and convicted in 1991. Respondent further argues that the earlier version of the Michigan statute that applied to Petitioner's conviction is divisible and because Petitioner pleaded guilty to the elements of generic burglary (as evidenced by examining *Shepard* documents), Petitioner's conviction qualifies as a crime of violence. (Doc. 65 at 3-5.)

The statute under which Petitioner was charged and convicted, in 1991, was Mich. Comp. Laws §750.110. At that time, the statute provided:

> "Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. For the purpose of this section, "any occupied dwelling house" includes one that does not require the physical presence

5

of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode."

*People v. Walters*, 186 Mich. App. 452, 454 (Mich. Ct. App. 1990) (quoting the then-current version of Mich. Comp. Laws §750.110). I suggest that this version of the statute fairly clearly sets forth two different breaking and entering crimes: one which punishes breaking and entering an occupied dwelling house with intent to commit a felony or larceny and which punishes breaking and entering into any other type of structure with intent to commit a felony or larceny. The punishments for the two different offenses are correspondingly different, with breaking and entering an occupied dwelling house being punished more severely.

Since the statute does not set forth a list of alternate means but rather two separate and distinct crimes, this Court may now look to *Shepard* documents "to determine whether the crime the defendant was convicted of constituted a generic burglary." *Ritchey*, 840 F.3d at 315. In this case, the information filed by the Midland County Prosecutor's Office alleged, in Count one, that Petitioner "did break and enter an occupied dwelling house . . . with intent to commit the crime of larceny therein; contrary to MCL 750.110." (Doc. 65 at ID 298.) The information also stated that the maximum penalty was "15 years" imprisonment, which is also consistent with the crime of breaking and entering an occupied dwelling house, as opposed to any other type of structure. The judgment of sentence indicates that the sentence was for Count One and it also reflects the same charge of breaking and entering an occupied dwelling. (Doc, 65 at ID 300.) Since Petitioner's conviction was for a divisible offense whose elements match the generic offense of burglary, I suggest that his conviction was properly used as a predicate crime of violence offense under the ACCA.

6

I also find that a more recent Sixth Circuit decision further supports this result. On March 10, 2017, the Sixth Circuit decided *United States v. Quarles*, 850 F.3d 836 (6th Cir. 2017). Quarles argued that he was not an armed career criminal because his conviction for third-degree home invasion under another version of the Michigan statute, which punishes a person who breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, was broader than generic burglary and could not be used to enhance his sentence under the ACCA. Mich. Comp. Laws § 750.110a(4). Quarles argued that the Michigan statute was overbroad because the term dwelling encompasses more than a building or other structure. *Id*. The Court in *Quarles* noted that the Michigan statutory definition of dwelling under §750.110a(1)(a) is "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." *Id*. at 838. The Court also noted that a defendant must show more than a theoretical possibility, i.e., a realistic probability, that the statute could apply to conduct that falls outside the generic definition of a crime. Since the dictionary definition of a dwelling is a dwelling place or home, the Court concluded that "it would be a stretch, rather than a realistic probability, that a tree, vehicle, boat, outcropping of a rock, cave, bus stop, or suspended tarp would be considered a 'home.'" *Id*. Therefore, the Court found that the defendant's conviction of third-degree home invasion qualified for use under the ACCA.

Although *Quarles* involves yet another version of the statute, the same logic holds true. To the extent that Petitioner contends that a dwelling could also include a boat and that this possibility renders the Michigan statute overbroad, I suggest that *Quarles* defeats that argument.

Accordingly, I suggest that Petitioner's motion to vacate sentence be **DENIED**.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 5, 2017                     S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to William Spicer #50847039 at Allenwood U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 3000, White Deer, PA 17887.

Date: June 5, 2017                         By s/Kristen Castaneda
                                                    Case Manager