UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff - Respondent,        Case No. 15-cr-20162

v        Honorable Thomas L. Ludington

WILLIAM SPICER,

        Defendant - Petitioner.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE
SENTENCE, DENYING CERTIFICATE OF APPEALABILTIY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On January 3, 2017 Petitioner William Spicer filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Mot. Vacate, ECF No. 60. That motion was referred to Magistrate Judge Patricia T. Morris. On June 5, 2017 the magistrate judge issued her report, recommending that Spicer's motion to vacate be denied. *See* Rep. & Rec., ECF No. 69. After obtaining an extension, on July 31, 2017 Spicer filed objections to that report. *See* ECF No. 72. For the reasons stated below, Spicer's objections will be overruled and the report and recommendation will be adopted.

I.

Following a search of his residence on October 15, 2014, Petitioner William Spicer was indicted on one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). ECF No. 12. Spicer was released on a $50,000 unsecured appearance bond. On April 9, 2015, Spicer failed to appear for a hearing, and a bench warrant was issued. ECF No. 21. Spicer was subsequently arrested in Midland, Michigan on May, 26, 2015. These later events

resulted in a superseding indictment containing four additional counts: (1) possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); (2) possessing a stolen firearm in violation of 18 U.S.C. § 922(j); (3) failing to appear after pretrial release in violation of 18 U.S.C. § 3146(a)(1); and (4) forfeiture allegations under 18 U.S.C. § 924(d)(1). *See* ECF No. 29.

On November 24, 2015, Spicer pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). *See* ECF No. 49. Under federal law, felons are prohibited from possessing firearms. *See* 18 U.S.C. § 922(g). In most cases, a felon who violates this restriction may be sentenced to up to 10 years' imprisonment. However, the Armed Career Criminal Act ("ACCA") imposes an enhanced penalty where a person possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony." *See* § 924(e); *See also Welch v. United States*, 136 S.Ct. 1257, 1261 (2016). In such a case, the ACCA imposes a minimum sentence of 15 years' imprisonment and a maximum sentence of life imprisonment. *Id.*

At the time of his sentencing, it was determined that Spicer had at least three prior convictions for a violent felony or serious drug offense that were committed on different occasions. *See* Plea Agreement, ECF No. 49. Namely, Spicer had one prior conviction for breaking and entering, one prior conviction for armed robbery, and one prior conviction for distributing a controlled substance. Therefore, on March 3, 2016, Spicer was sentenced under the ACCA to 210 months' imprisonment. Judgment was entered on March 14, 2016. *See* ECF No. 56. Spicer did not attempt to file any direct appeal.

On January 3, 2017 Spicer filed his current motion to vacate. *See* Mot. Vacate. Through his motion, Spicer argues that his prior state court conviction for breaking and entering was not a

qualifying predicate violent offense following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the ACCA as unconstitutionally vague). *See* ECF No. 60. He therefore argues that he was wrongly sentenced under the ACCA. On June 5, 2017 the magistrate judge issued her report, recommending that Spicer's motion be denied. Applying the Sixth Circuit's decision in *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016), the magistrate judge reasoned that Spicer's conviction for breaking and entering was a qualifying crime of violence under the ACCA.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

### A.

As noted above, Spicer's § 2255 petition rests on the argument that his breaking and entering conviction did not implicate either the elements clause or the enumerated clause of the ACCA, thus impermissibly falling within the scope of residual clause. The ACCA defines the term "violent felonies" as follows:

the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

  (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

§ 924(e)(2)(B). The first portion of section of this definition, § 924(e)(2)(B)(i), is known as the elements clause. The first half of the second section listing specific crimes, § 924(e)(2)(B)(ii), is known as the enumerated clause. Finally, the second half of the second section, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the residual clause.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague under the Fifth Amendment, thereby denying criminal defendants of due process of law. The holding was made retroactive in cases on collateral review through the Supreme Court's decision in *Welch v. United States*, 136 S.Ct. 1257 (2016). While not addressed by the magistrate judge, Spicer entered his guilty plea and was sentenced after the Supreme Court's decision in *Johnson*. He thus presumably received the benefit of that holding at the time of his sentencing. Even so, each of Spicer's objections will be addressed in turn.

**B.**

**i.**

Through his first three objections, Spicer generally argues that the magistrate judge erred in failing to apply or recognize the precedential effect of the Supreme Court's holdings in *Johnson* and *Welch*. These objections are without merit, as the Magistrate Judge specifically

analyzed Spicer's claims under both cases. She therefore recognized the precedential effect of the Supreme Court's decisions.

**ii.**

Through his seventh objection, Spicer argues that the magistrate judge erred in failing to analyze whether his convictions for armed robbery and delivery of controlled substances were qualifying predicate offenses under the ACCA. However, because Spicer's § 2255 only challenged his predicate offense for breaking and entering, the magistrate judge did not err in analyzing only that conviction. *See* Mot. Vacate 2.

Relatedly, in his sixth and eighth objections, Spicer argues that neither his prior conviction for delivery of a controlled substance nor his prior conviction for armed robbery are qualifying offenses under the ACCA. By failing to raise these claims in his original petition Spicer waived his ability to assert such claims through objections to a report and recommendation. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *Marshall v. Chater*, 75 F.3d 1421 (10th Cir.1996) (stating that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").

Even so, Spicer's arguments are without merit. Under Michigan law, robbery is defined as follows:

> A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

§ 750.530. The Sixth Circuit has recently held, in an unpublished decision, that unarmed robbery constitutes a violent felony under the ACCA's elements clause. *United States v. Matthews*, No. 15-2298, 2017 WL 1857265, at *5 (6th Cir. May 8, 2017). A person is guilty of armed robbery under Michigan law if he or she engages in a robbery, as defined, and

> in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon

§ 750.529 (West). Because a conviction for armed robbery inherently requires that the elements of robbery be satisfied, the Sixth Circuit's reasoning in *Matthews* applies. Armed robbery is thus a qualifying violent felony under the ACCA's elements clause.

Spicer's argument that his conviction for delivery of a controlled substance is not a qualifying predicate offense under the ACCA is also without merit. For purposes of the ACCA, serious drug offenses are defined as "an offense under State law, involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii). Spicer argues that because his prior conviction did not provide for a maximum term of imprisonment of ten years or more, it is not a qualifying predicate offense.

In 2008, Spicer was convicted of delivering controlled substances in violation of Michigan Compiled Law § 333.7401(2)(b)(ii). In general, that section provides for a maximum term of imprisonment of seven years. However, because Spicer was convicted as a habitual offender under § 769.10, the maximum sentence was increased by 150 percent. *Id*. ("if the subsequent felony is punishable by imprisonment for a term less than life, the court … may place the person on probation or sentence the person to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense or for a

lesser term"). The Supreme Court has held that, in determining the "maximum term of imprisonment prescribed by law" for the purposes of determining whether a prior offense qualifies as a serious drug offense under the ACCA, courts must consider any applicable recidivist enhancements for the prior offense. *United States v. Rodriquez*, 553 U.S. 377, 383 (2008). In Spicer's case, the habitual offender enhancement increased his maximum sentence under § 333.7401(2)(b)(ii) to 10.5 years. His conviction therefore qualifies as a qualifying "serious drug offense."

### iii.

In his final objections – Objections 4 and 5 – Spicer argues that because he was erroneously sentenced under the ACCA, his counsel was ineffective and his guilty plea was not knowing or voluntary. These arguments are without merit, as Spicer was properly sentenced under the ACCA for the reasons stated above. Spicer's objections will therefore be overruled.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner also will not

be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Spicer's objections, ECF No. 72, are **OVERRULED.**

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 69, is **ADOPTED**.

It is further **ORDERED** that Petitioner Spicer's motion to vacate his sentence, ECF No. 60, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 4, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---